Elaine JOYCE, Relator,

v.

3M COMPANY, Self–Insured/GAB Business Services, Respondent.

No. C1–93–542.

Supreme Court of Minnesota.

Aug. 20, 1993.

David K. Cody, St. Paul, for relator.

Michael Anthony Rayer, St. Paul, for respondent.

KEITH, Chief Justice.

Certiorari was granted to review a decision of the Workers' Compensation Court of Appeals reversing the compensation judge's determination that post-injury employment was unsuitable. We reverse.

In January 1976, Elaine Joyce began her employment as a machine operator at 3M Company's plant located in Alexandria, Minnesota. Over the course of her employment, Joyce developed a compensable bilateral carpal tunnel syndrome which necessitated surgery in 1990 and 1991. When Joyce's surgeon authorized a return to work with restrictions, 3M offered her a position as security guard, this position required her to work certain shifts alone in the plant at night. Joyce, however, was afraid to work alone at night and a dispute arose over the "suitability" of this post-injury employment.[1] The compensation judge, finding that Joyce's fear was genuine, determined the post-injury employment in this case was not "suitable." On appeal, the WCCA reversed, concluding this was a matter of "job dissatisfaction." Having thoroughly reviewed the entire record, we believe the compensation judge's factual determination had the requisite evidentiary support. *See Jerde v. Adolfson and Peterson*, 484 N.W.2d 793, 795 (Minn.1992); Minn. Rule 5220.0100, subp. 34 (1992) (defining "suitable gainful employment"). While certainly there are instances in which the reversal of a compensation judge's factual determination is warranted, this is not one of them. We, therefore, reverse the decision of the Workers' Compensation Court of Appeals.

Reversed.

Employee is awarded $400 in attorney fees.

TOMLJANOVICH, Justice (dissenting).

Because I agree with the WCCA that the evidence did not support the conclusion that the job the employee was offered was unsuitable, I dissent.

There was no evidence that the job was in a dangerous location. The job was economically suitable and was within the employee's physical limitations. The employee suffered from no psychological condition that prevented her from performing the job.

In my view under the facts of this case, the employee's fear of working alone at night did not make an otherwise suitable job unsuitable.

PAGE, Justice (dissenting).

I join in the dissent of Justice Tomljanovich.

---

**1.** Although the "suitability" of this position arose in the context of a rehabilitation dispute, the issue, as presented to the compensation judge, was whether the position met the criteria of Minn.Stat. § 176.101, subd. 3e(b).